IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VONTELLA JOHNSON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 15-0092-CG-C |
| FOSTER POULTRY FARMS, INC., | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**

Vontella Johnson filed a *pro se* sexual harassment complaint against the defendant in this Court on February 19, 2015. (Doc. 1.) Because of what has transpired in this action following the filing of the complaint, it is necessary that the undersigned enter this report and recommendation, in accordance with 28 U.S.C. § 636(b)(1)(B), that the Court dismiss this action based upon the failure of plaintiff (and her attorney[1]) to prosecute this action and comply with the Court's order dated June 10, 2015 (Doc. 18).

As aforesaid, plaintiff successfully filed her complaint in this Court on February 19, 2015 (Doc. 1) and, upon her payment of the filing fee on March 23, 2015 (Doc. 6), Foster Poultry Farms, Inc. was served with summons and a copy of the complaint (*see* Docs. 7 & 8). The defendant answered the complaint on April 27, 2015. (Doc. 9.) One day later, on April 28, 2015, the Preliminary Scheduling Order was issued in this case (Doc. 12) and specifically provided that the parties were to meet and file their Rule 26(f)

---

[1] Eric Tavaris Hutchins, Esquire, filed his notice of appearance as counsel of record for Ms. Johnson on June 13, 2015. (Doc. 19 ("COMES NOW Eric Tavaris Hutchins, Esq. who hereby gives notice that he represents Vontella Johnson in the above captioned matter. ***Any and all communications regarding this matter must be done through undersigned counsel.***" (emphasis supplied)).)

report not later than June 8, 2015 (*id.* at ¶ 1 ("The parties, including pro se parties, are ORDERED to meet and file a report pursuant to Fed.R.Civ.P. 26(f) as soon as practicable but not later than **June 8, 2015**.")). It is at this point in time that this case found itself going off course.

On June 8, 2015, the date the parties were ordered to file their joint Rule 26(f) report (*see* Doc. 12), the defendant filed a motion for leave to file a unilateral Rule 26(f) report (Doc. 17). The undersigned granted the defendant's motion, set this matter for a Rule 16(b) scheduling conference, ordered Ms. Johnson and Mr. Hutchins to appear at the scheduling conference,[2] and informed both Ms. Johnson and Mr. Hutchins of the possible consequence of their failure to appear. (Doc. 18.)

> In light of the fact that neither the plaintiff or the attorney who now "arguably" represents her (*compare* Doc. 17, at 2 (summary of defense counsel's contacts with the *pro se* plaintiff from May 4, 2015 through May 21, 2015 reveals that plaintiff told defense counsel that she did not want to participate in the conference because she was attempting to find a lawyer to represent her) *with* Doc. 17, Exhibit A (May 28, 2015 email from Eric Tavaris Hutchins, Esquire to Christina Meddin, Esquire, containing the statement that he "look[ed] forward to working with [Meddin] on this case.")) did not participate in a complete Rule 26(f) conference with counsel for the defendant (*see* Doc. 17, Exhibit B, at 1 ("I wanted to send one final reminder on the attached Rule 26(f) Report. It has been my understanding since you first contacted me on May 27, 2015 that you are representing Vontella Johnson in her lawsuit against Foster Farms, and that you planned to enter a Notice of Appearance in the case. For that reason, we scheduled the Rule 26(f) conference for Monday, June 1, 2015 at 1 PM CT. I called you at that time, and we discussed *a few of the items* outlined in the attached report. However, before we had finished the call, you told me you had to go, and would call me back in 10 minutes. I never did hear back from you, and so I drafted a proposed Report (attached) and sent the email below to you on June 2, 2015. . . ." (emphasis supplied))), this cause shall come on for a Rule 16(b) scheduling conference before the undersigned on **June 25, 2015,** at **2:00 p.m.,** in Courtroom 3A, United States Courthouse, Mobile, Alabama. The Court expects the appearance of

---

[2] The undersigned carefully explained that the conference would be cancelled if Mr. Hutchins filed his notice of appearance as counsel of record for Ms. Johnson and the parties filed their joint Rule 26(f) report not later than June 22, 2015. (Doc. 18, at 2.)

> both **Ms. Johnson** and **Mr. Hutchins** at the Rule 16(b) scheduling conference on June 25, 2015 and the undersigned will cancel this conference only upon Mr. Hutchins' appearance as counsel of record for Ms. Johnson *and* the filing of a joint Rule 26(f) report not later than ***June 22, 2015***.
>
> . . .
>
> The failure of Ms. Johnson and/or Mr. Hutchins to appear before the undersigned on June 25, 2015—unless Mr. Hutchins files his notice of appearance and the parties file a joint Rule 26(f) report not later than June 22, 2015—may result in the undersigned's entry of a report and recommendation that this action be dismissed based upon the plaintiff's failure to prosecute this action and obey the orders of this Court.

(*Id.* at 1-2 & 2 (footnote omitted).)

While it became apparent during the conference on June 25, 2015, at which neither Ms. Johnson nor Mr. Hutchins appeared, that Ms. Johnson never received a copy of the foregoing order, that is, Document 18, there can be no dispute but that Mr. Hutchins received a copy of the Court's order. Mr. Hutchins' receipt of the Court's order is established not only by the filing of his notice of appearance as counsel of record for Ms. Johnson on June 13, 2015 (Doc. 19) but, as well, by defense counsel's references to the Court's order in emails sent to plaintiff's attorney on June 21 and 22, 2015 (*see* Doc. 21, Attached Email String). Christina Meddin sent Hutchins the following email on June 21, 2015:

> In its June 10, 2015 order in the above referenced matter, the Court ordered that we file a joint rule 26(f) report on or before June 22 to avoid having to appear for a scheduling conference on June 25. I wanted to follow up one last time to see whether you would be interested in finishing our rule 26(f) conference and filing a joint report. In that regard, please let me know whether you have time tomorrow to discuss.

(*Id.,* June 21, 2015 Email from Meddin to Hutchins.) Although Meddin received no response from Hutchins to her June 21, 2015 email inquiry, Meddin called Hutchins on June 22, 2015 and was able to speak with him about the undersigned's order and the Rule 26(f) report. (*Id.,* June 24, 2015 Email from Meddin to Mack Binion.) "He answered,

3

and said that he was fine with the unilateral report we filed. I explained to him that there were portions that needed to be filled in by him. I told him I would send him the draft report, highlighting the places where he needed to fill in information . . . ." (*Id.*) On June 22, 2015, at 11:37 a.m., Meddin sent the following email to Hutchins:

> As we discussed, attached is a draft joint report. The places where you are required to insert information are highlighted. Please complete your portion and file today so that we can comply with the Court's order. Let me know if you have any questions.

(*Id.*, June 22, 2015 Email from Meddin to Hutchins.)

Although the undersigned fully expected the parties to file a joint Rule 26(f) report on or before June 22, 2015—following the filing of Hutchins' notice of appearance on June 13, 2015—in order to obviate the need for a Rule 16(b) scheduling conference (*see* Doc. 18), this eventuality did not come to pass because of Mr. Hutchins' failure to complete certain sections of the report requiring the direct input of plaintiff and filing same with the Court (*see* Doc. 21, June 24, 2015 Email from Meddin to Binion ("I never heard anything back from either email. I sent these to the address listed on PACER, as well as the address he gave me in our initial phone call.")). Thus, in accordance with the contents of the June 10, 2015 order, Mr. Hutchins and Ms. Johnson were to appear in the undersigned's courtroom on June 25, 2015 at 2:00 p.m. (Doc. 18.) Neither Mr. Hutchins nor Ms. Johnson appeared but Mack Binion, Esquire, did appear for the defendant. The undersigned waited for some twenty-five (25) minutes before taking the bench and ultimately informed counsel for Foster Poultry Farm, Inc. that the recommendation would be made that this matter be dismissed without prejudice due to the failure of plaintiff and her attorney to prosecute this action and obey the Court's order of June 10, 2015.

4

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, plaintiff and her attorney failed to appear for the Rule 16(b) scheduling conference on June 25, 2015, and Mr. Hutchins failed to take all actions required of him (that is, completing certain portions of the draft Rule 26(f) report sent to him by defense counsel and filing same with the Court) to obviate the necessity of the Rule 16(b) scheduling conference. (*See* Doc. 18.) Therefore, it is recommended that the Court **DISMISS** Johnson's complaint pursuant to Fed.R.Civ.P. 41(b) due to her failure, and the failure of her attorney, to prosecute this action by obeying this Court's lawful order dated June 10, 2015. If plaintiff's counsel can offer a valid reason why this action should not be dismissed, he can certainly bring that reason to the Court's attention when, and if, he files his objections to this report and recommendation.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 26th day of June, 2015.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**